# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE DIVISION

| | |
|---|---|
| **BOLONSAY WAWA MONDJO**<br>**A 097-685-244** | **CIVIL ACTION NO. 06-2382**<br>**SECTION P** |
| **VS.** | **JUDGE DOHERTY** |
| **MICHAEL CHERTOFF, ET AL** | **MAGISTRATE JUDGE METHVIN** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. §2241 on December 20, 2006 by *pro se* petitioner Bolonsay Wawa Mondjo. Petitioner is an immigration detainee in the custody of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement (ICE). He is presently detained at the Pine Prairie Correctional Center, Pine Prairie, Louisiana awaiting removal to his native country, the Democratic Republic of Congo.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

### *Statement of the Case*

Petitioner is a native and citizen of the Democratic Republic of Congo. He entered the United States on December 11, 1996, and was subsequently convicted of unspecified crimes. On October 4, 2005, petitioner was taken into custody by ICE for removal proceedings. Petitioner was ordered removed on November 10, 2005, but on March 9, 2006 the Bureau of Immigration

Appeals (BIA) vacated the order of removal and remanded the matter to the Immigration Judge (IJ) for a hearing. Following a hearing at Oakdale, Louisiana, on August 15, 2006, the IJ denied petitioner's application for asylum, and ordered petitioner's removal. Petitioner's appeal to the BIA was denied on November 20, 2006.

In the instant petition, filed December 20, 2006, petitioner seeks judicial review of his removal order and asks this court to grant his petition for *habeas corpus* and order his immediate release from custody. [doc. 1] On the same date petitioner filed a motion seeking a stay of the proceedings pending the outcome of his *habeas* petition. [doc. 2]

## *Law and Analysis*

At the outset, this court must consider whether it has jurisdiction to review petitioner's challenge to his removal order and his request for a stay of removal. On May 11, 2005, the President signed into law the "REAL ID Act of 2005." (See Pub.L.No.109-13, Div. B, 119 Stat. 231.) Section 106(a) of the REAL ID Act of 2005 amends INA §242(a) to provide that a petition filed in the appropriate court of appeals in accordance with §242 is the sole and exclusive means for obtaining judicial review of an order of removal, and that a petition for writ of *habeas corpus* is not an appropriate vehicle for challenging a removal order.[1] These jurisdictional amendments became effective on May 11, 2005. See § 106(b).

---

[1] Section 106(a)(1)(A)(iii) of the Act added the following language to INA §242(a): "(5)EXCLUSIVE MEANS OF REVIEW – Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and section 1361 and 1651 of such title, a petition filed in the appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory)."

It is therefore clear that this court lacks jurisdiction to consider this *habeas corpus* petition which challenges petitioner's order of removal. This court also lacks jurisdiction to grant petitioner a stay of removal. INA § 242(g); *Idokogi v. Ashcroft*, 66 Fed.Appx. 526 (5th Cir.2003). Finally, since this petition was filed <u>after</u> the enactment of the REAL ID Act of 2005, the transfer provision found in § 106(c) of the REAL ID Act is not applicable to this case.[2] Therefore,

**IT IS RECOMMENDED** that the petition for writ of *habeas corpus* [doc. 1] be **DENIED** and **DISMISSED** for lack of jurisdiction;

**IT IS FURTHER RECOMMENDED** that petitioner's Motion for Stay of Deportation Order [doc. 2] likewise be **DENIED** and **DISMISSED** for lack of jurisdiction.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

---

[2] Section 106(c) of the Real ID Act provides: (c) TRANSFER OF CASES. – If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242, except that subsection (b)(1) of such section shall not apply.

**conclusions accepted by the District Court, except upon grounds of plain error.** See

*Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on January 9, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)